1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GEORGE AUSTIN,

　　　　　　　　　　　　　Petitioner,

　　v.

P.D. BRAZELTON,

　　　　　　　　　　　　　Respondent.

Case No. 13-cv-2540-BAS(RBB)

**AMENDED ORDER:**

**(1) OVERRULING PETITIONER'S OBJECTIONS;**

**(2) ADOPTING REPORT AND RECOMMENDATION; AND**

**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 18]**

22

23

24

25

26

27

28

　　　On October 21, 2013, Petitioner George Austin, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus, in which he challenges his conviction for gang-related possession of a firearm by a felon.  He asserts the following claims: (1) his right to a speedy trial was violated by a ten-day continuance granted to the prosecution; (2) his right to due process was violated by the admission of a gang expert's opinion testimony; (3) the collection of his DNA at the time of arrest was an unreasonable search and seizure in violation of the Fourth

– 1 –

13cv2540

1  Amendment; and (4) his trial was rendered fundamentally unfair by cumulative error.

2  Petitioner also later filed a document entitled "Motion of Judicial Notice of Newly

3  Discovered Evidence of Actual Innocence Exculpatory DNA/Impeachment Evid."

4  (ECF No. 17), which was docketed as a Request for Judicial Notice.

5        On April 30, 2015, United States Magistrate Judge Ruben B. Brooks issued a

6  Report and Recommendation ("Report") recommending that this Court deny the

7  petition and deny Petitioner's request for judicial notice.  (ECF No. 18.)  Petitioner

8  filed an Objection to the Report and Recommendation ("Objection") in which he also

9  requests an evidentiary hearing.  (ECF No. 22.)  Respondent has not filed a reply to

10  the Objection.

11        For the following reasons, the Court **OVERRULES** Petitioner's objections,

12  **APPROVES** and **ADOPTS** the report, and **DENIES** the Petition for Writ of Habeas

13  Corpus and the request for an evidentiary hearing.

14

15  **I.**     **LEGAL STANDARD**

16        The Court reviews *de novo* those portions of the Report to which objections

17  are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole

18  or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But

19  "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must

20  review the magistrate judge's findings and recommendations de novo if objection is

21  made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

22  Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

23  Ariz. 2003) (concluding that where no objections were filed, the district court had no

24  obligation to review the magistrate judge's report de novo).  "Neither the Constitution

25  nor the statute requires a district judge to review, de novo, findings and

26  recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328

27  F.3d at 1121.  This rule of law is well-established in the Ninth Circuit and this district.

28  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo

1    review of an R & R is only required when an objection is made to the R & R.");

2    *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting

3    report in its entirety without review because neither party filed objections to the

4    report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d

5    1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

6

7    **II.    ANALYSIS[1]**

8        **A.    Speedy Trial Violation**

9        Petitioner's first objection is that no good cause existed to grant continuance

10   of his trial.  (Objections 1, ECF No. 22)  However, Petitioner fails to identify any

11   specific defect in the Magistrate Judge's reasoning or reading of the law.  Rather, he

12   merely states that "the people . . . violated [his] speedy trial rights and prejudiced

13   [him]," but does not support that proposition except by summarily concluding that

14   the continuance "allow[ed] arbitrary inconclusive DNA evid[ence]."  (*Id.*)  This is

15   simply a reassertion of an argument addressed in the Report.  (*See* Report 22-23.)

16       Upon review, this Court agrees with the Magistrate Judge's analysis and

17   adopts it in its entirety. Petitioner fails to show that he was prejudiced in any way by

18   the continuance.

19

20       **B.    Gang Expert Testimony**

21       In his second objection, relying on *People v. Killebrew*, 103 Cal. App. 4th 644

22   (2002), Petitioner argues that the trial court improperly admitted gang expert

23   testimony.  (Objections 2.)  Even assuming admission of the expert testimony was a

24   violation of the standard outlined in *Killebrew*, in order to be successful in a federal

25   habeas petition, Petitioner must also show the violation was one of federal due

26

27   ─────────────────────

28   [1] The Court adopts and incorporates by reference all portions of the report that Petitioner does not object to, including the factual background and procedural history as it is presented in the report.

1  process rights rendering his trial fundamentally unfair.  *See Holley v. Yarlborough*,

2  568 F.3d 1091, 1098 (9th Cir. 2009) ("state court decisions are not subject to federal

3  habeas relief if they are merely erroneous and not unreasonable"); *Jammal v. Van de*

4  *Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (failure to comply with state's rules of

5  evidence is not sufficient ground for granting habeas relief).  This Petitioner fails to

6  do.  The Constitution is not violated by the admission of expert testimony concerning

7  an ultimate issue.  *See Studebaker v. Uribe*, 658 F. Supp. 2d 1102, 115-16 (C.D. Cal.

8  2009) (citing *Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009)).

9      Citing *People v. Leach*, 15 Cal. 3d 419 (1975), Petitioner also claims that "the

10  standard for evaluating evid[entiary] errors involving fed[eral] constitutional rights

11  is that such error mandates reversal unless the people can establish beyond a

12  reasonable doubt that the impropriety was harmless."  (Objections 2.)  However,

13  *Leach* too distinguishes state-law evidentiary errors from errors involving federal

14  constitutional rights.  Petitioner does not identify any such fundamental constitutional

15  errors in the admission of the gang-expert testimony.  As a result, his objection

16  regarding gang-expert testimony lacks merit.

17

18      **C.    DNA Evidence**

19      In his petition, Petitioner claims that the warrantless collection of his DNA at

20  the time of his arrest was an unreasonable search and seizure in violation of the

21  Fourth Amendment.  (Pet. 8.)  He acknowledges in his petition that he moved to

22  suppress the DNA evidence at trial, but that the motion was denied.  (*Id.*)  That denial,

23  he contends, was due to the fact that a case regarding the constitutionality of the

24  warrantless collection of DNA from arrestees, *People v. Buza*, was awaiting a

25  decision before the California Court of Appeal.[2]  (*Id.*)

26

27      [2] The case Petitioner references is *People v. Buza*, 231 Cal. App. 4th 1446 (2014).  It
   addressed a California statute requiring the collection of DNA from all felony arrestees for purposes

28  of investigative analysis and database inclusion with no need for a warrant or probable cause.  At
   the time of his trial, that case was still pending review by the California Court of Appeal.  In 2014,

– 4 –                                                    13cv2540

1    The Magistrate Judge found that such a Fourth Amendment habeas claim was

2 barred because Petitioner had an opportunity to fully and fairly litigate his claim.[3]

3 (Report 31-33.)   Petitioner does not dispute this standard but rather disputes the

4 Magistrate Judge's interpretation of the facts of his case.  He contends that he "didn't

5 have a fair opportunity to litigate this claim because the Buza case was pending and

6 the trial Judge acknowledged the issue couldnt [sic] be decided by him until the Buza

7 case is ruled on."  (Objections 2.)

8    Upon review, it appears that this challenge incorrectly conflates the

9 opportunity for litigation with development of case law.  Regardless of whether the

10 California Court of Appeal ruled the collection of DNA unconstitutional in the

11 context of another case, both Petitioner's trial court and that same appellate court

12 extensively reviewed the DNA collection in the context of Petitioner's case and

13 deemed it allowable.  (Report 31-32.)  Petitioner also had the opportunity to petition

14 the California Supreme Court for review of that determination.  (*Id.*)

15    Petitioner places great reliance on the fact that his trial judge orally stated that

16 he would reconsider his ruling on the admission of the DNA evidence if the

17 California Supreme Court in *Buza* mandated that he do so.  (Objections Ex. A at 5.)

18 The trial judge said that "if [the California Supreme Court] den[ies] review, then of

19 course the current *Booza* [sic] decision becomes final and I would then reverse my

20 [DNA evidence] ruling."  (*Id.*)  But after making that advisory comment, he then

21

22

23 after Petitioner had filed his Petition, the California Court of Appeal ruled that the statute was
unconstitutional.  After Petitioner filed his Petition, but before the magistrate judge issued his
Report and Recommendation, that decision was granted review by the California Supreme Court.

24 *See People v. Buza*, 342 P.3d 415 (Cal. 2015).  The appeal remains pending before the California
Supreme Court at this time.

25

26    [3] The Report cites Supreme Court and Ninth Circuit case law explaining that the relevant
inquiry is whether the petitioner has had an opportunity to fully litigate his claim, not whether he

27 has actually done so.  (Report 31-32.)  In this case Petitioner did in fact fully litigate the DNA
evidence issue at the trial and at the appellate level and petitioned the state supreme court for review

28 of the issue, as documented in the Report and acknowledged by Petitioner in his Petition.  (*Id.* at
32-33.)

13cv2540

1  continued with the litigation based on his determination under the then-binding legal

2  authority.  (*Id*.)

3       Petitioner mischaracterizes this advisory comment as "the trial Judge

4  acknowledg[ing] the issue couldnt [sic] be decided by him."  (Objections 8.)  Rather,

5  the trial judge did in fact make a ruling on the DNA issue, and merely indicated that

6  he would be inclined to reverse that ruling if the *Buza* decision forced him to conclude

7  otherwise.  (*Id.*)[4]  The trial judge made a binding ruling on the admission of DNA

8  evidence under the legal authority at that time, which Petitioner challenged and

9  higher courts reviewed.

10      Having reviewed the objections and report, the Court finds the Magistrate

11 Judge's determination regarding the DNA evidence analytically sound and

12 Petitioner's challenge unpersuasive.

13

14      **D.      Cumulative Error Claim**

15      The Magistrate Judge found that federal habeas relief was inappropriate in this

16 case because there were no individual federal constitutional errors.  (Report 37-38.)

17 Petitioner argues that "[a]ll cumulative error and issues do have merit contrary to the

18 magistrate opinion."  (Objections 2-3.)  This, however, is merely a conclusory

19 assertion.  Petitioner states that "[a]ll courts have recognized and reversed issues as

20 a result of cumulative error issue."  (*Id*. at 3.)  Courts may indeed recognize

21 cumulative error, but Petitioner fails to show any individual federal constitutional

22 errors.  Therefore, his argument on this ground must fail.

23

24      **E.      Request for Evidentiary Hearing and Judicial Notice**

25      Petitioner requests an evidentiary hearing "to delve into how much the def [sic]

26

27

28

---

[4] Even if Petitioner wanted to return to the trial judge and persuade him that he should reconsider whether admission of the DNA evidence was proper, the *Buza* ruling on DNA admission is not yet finalized, as that case is still pending review by the Supreme Court of California.

1  case was hampered by the continuance" or a declaration order "where counsel can

2  state how people stradegy [sic] hampered the def. stradegy [sic]."  (Objections 3.)

3  Relying on *Philips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001), Petitioner argues

4  that a federal habeas petitioner "is entitled to an evidentiary hearing if: (1) the

5  allegations in his pet[ition] would, if proved, entitle him to relief; and (2) the State

6  court trier of fact has not, after a full and fair hearing, reliably found relevant fact."

7  (*Id.* at 1.)  Petitioner fails to demonstrate how or why his circumstances satisfy the

8  two-prong test from *Philips*.

9       Petitioner also raises a new argument for the first time in his objections,

10  claiming the introduction of the DNA evidence violated the Confrontation Clause of

11  the Sixth Amendment to the United States Constitution.  However, Petitioner failed

12  to assert any claim under the Confrontation Clause in his Petition.  New claims must

13  be raised before the magistrate in the first instance, and are not properly brought

14  before the court in an objection to a magistrate's report.  *See Greenhow v. Sec'y of*

15  *HHS*, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by United*

16  *States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *see also Borden v. Sec'y of HHS*,

17  836 F.2d 4, 6 (1st Cir. 1987) (holding that issues raised for the first time in objections

18  to magistrate's recommendation were waived).

19       Lastly, Petitioner also fails to specifically identify any defects in the Magistrate

20  Judge's reasoning in recommending that this Court deny his request for judicial

21  notice.  (Objections 3.)  He references various purported facts developed during his

22  trial, heavily focusing on the DNA evidence, but fails to explain its relevance to his

23  request for judicial notice.  Petitioner fails to address the Magistrate Judge's

24  conclusion that the case does not hinge on the disputed DNA evidence and that it was

25  reasonable for the jury to find Petitioner guilty based on the evidence presented to

26  them.  (Report 40-41.)

27       Having reviewed the objections and the Report, the Court finds that Petitioner

28  fails to demonstrate that he is entitled either an evidentiary hearing or judicial notice.

## III.   CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review where appropriate, the Court finds that Judge Brooks' reasoning is sound. Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 22), **APPROVES** and **ADOPTS** the report in its entirety (ECF No. 18), and **DENIES** the Petition (ECF No. 1) and the Request for Evidentiary Hearing (ECF No. 22).

Additionally, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing.  Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED:  July 22, 2016**

Hon. Cynthia Bashant
United States District Judge